IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SHERMAN THEODORE LEWIS,           §
TDCJ-CID NO. 1591241,             §
                                  §
          Petitioner,             §
                                  §
v.                                §
                                  §    CIVIL ACTION NO. H-13-3527
WILLIAM STEPHENS, Director,       §
Texas Department of Criminal      §
Justice, Correctional             §
Institutions Division,            §
                                  §
          Respondent.             §

## MEMORANDUM OPINION AND ORDER

Sherman Theodore Lewis has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Habeas Petition") (Docket Entry No. 1). Pending before the court is Respondent Stephens's Motion for Summary Judgment With Brief in Support ("Motion for Summary Judgment") (Docket Entry No. 14), to which Lewis has not filed a response. For the reasons explained below, the court will grant Respondent's Motion for Summary Judgment and will deny Lewis's Habeas Petition.

## I.  Procedural History and Claims

### A.  Procedural History

Lewis was convicted of injury to an elderly individual after a jury trial in the 176th District Court of Harris County, Texas.[1]

---

[1]Reporter's Record (Volume 4), Docket Entry No. 12-12, p. 104.

Lewis elected to have the trial judge assess punishment and received thirty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice.[2]

The Fourteenth District Court of Appeals affirmed Lewis's conviction.[3]   Lewis did not file a petition for discretionary review with the Texas Court of Criminal Appeals.[4]   Lewis filed an application for a writ of habeas corpus in state court.[5]   The state trial court recommended to the Texas Court of Criminal Appeals that Lewis's state habeas application be denied.[6]   The Texas Court of Criminal Appeals denied Lewis's application without written order.[7]

Lewis filed a federal petition for a writ of habeas corpus in the Western District of Texas.[8]   On November 26, 2013, Lewis's

---

[2]Punishment, Docket Entry 12-13, p. 6 lines 15-20.   Page citations to state court trial documents, including the record and state court orders, are to the pagination imprinted by the federal court's electronic filing system at the top and right of the document.

[3]Lewis v. State, 14-09-00689-CR, 2011 WL 166899 (Tex. App.—Houston [14th Dist.] Jan. 11, 2011, no pet.) (mem. op., not designated for publication), Docket Entry No. 12-3, p. 9.

[4]Habeas Petition, Docket Entry No. 1, p. 3.

[5]Application for a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under Code of Criminal Procedure ("Habeas Corpus Application"), Article 11.07, Docket Entry No. 13-4, p. 8.

[6]State's Proposed Findings of Fact, Conclusions of Law, and Order ("Findings, Conclusions, and Order"), Docket Entry No. 13-4, p. 43.

[7]Action Taken, Docket Entry No. 13-4, p. 2.

[8]Habeas Petition, Docket Entry No. 1, p. 1.

petition was transferred to this court.[9]  On February 27, 2014, the Respondent filed a Motion for Summary Judgment.[10]  Lewis has not responded to the motion.

## B.   Petitioner's Claims

Lewis argues that he is entitled to habeas relief because he received ineffective assistance of counsel at trial. Lewis also claims that there is no evidence to support his conviction.  The court understands Lewis's Habeas Petition to advance four grounds of relief:

> (1)   Trial counsel failed to object to the amendment of the initial indictment;
>
> (2)   Trial counsel opened the door to discussion of Lewis's parole status and his prior criminal history, and failed to object to unresponsive testimony from witnesses who mentioned Lewis's parole status;
>
> (3)   There was no evidence that Lewis caused bodily injury to his father to support the conviction;
>
> (4)   Trial counsel advised Lewis to agree to sentencing by the trial judge and did not require that the jury sentence him.

The Respondent argues that Lewis has failed to exhaust claims (2) and (4) and that those claims are now procedurally barred and that claim (3) is procedurally defaulted because such a claim is not

---

[9]Transfer Order, Docket Entry No. 4, p. 2.

[10]Motion for Summary Judgment, Docket Entry No. 14.

cognizable on state writ.[11]  Alternatively, Respondent argues that all claims lack merit.[12]

## II.  <u>Standard of Review</u>

### A.  Summary Judgment

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2510 (1986).  The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not <u>negate</u> the elements of the nonmovant's case."  <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting <u>Celotex</u>, 106 S. Ct. at 2553).  "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."  <u>Id.</u>  If, however, the moving party meets

---

[11]<u>Id.</u> at 5, 10-12, 15-17.

[12]<u>Id.</u> at 19-22.

-4-

this burden, "the nonmovant must go beyond the pleadings" and produce evidence that specific facts exist over which there is a genuine issue for trial. <u>Id.</u> (citing <u>Celotex</u>, 106 S. Ct. at 2553-54). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 106 S. Ct. 1348, 1356 (1986).

## B.   Presumptions Applied in Habeas Cases

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." <u>Harrington v. Richter</u>, 131 S. Ct. 770, 783 (2011). When considering a summary judgment motion the court usually resolves any doubts and draws any inferences in favor of the nonmoving party. <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 120 S. Ct. 2097, 2110 (2000). However, the AEDPA amendments to 28 U.S.C. § 2254 change the way in which courts consider summary judgment in habeas cases.

In a habeas proceeding, 28 U.S.C. § 2254(e)(1) mandates that findings of fact made by a state court are "presumed to be correct." This statute overrides the ordinary summary judgment rule. <u>Smith v. Cockrell</u>, 311 F.3d 661, 668 (5th Cir. 2002), <u>overruled in part on other grounds by</u> <u>Tennard v. Dretke</u>, 124 S. Ct. 2562 (2004). Therefore, the court will accept any findings made by

-5-

the state court as correct unless the habeas petitioner can rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1) ("The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

The provisions of § 2254(d) establish a "highly deferential standard for evaluating state-court rulings." Lindh v. Murphy, 117 S. Ct. 2059, 2066 n.7 (1997). A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 120 S. Ct. 1495, 1519-20, 1523 (2000). A decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Id. at 1523.

-6-

In reviewing a state court's determination regarding the merit of a petitioner's habeas claim, a federal court cannot grant relief if "'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 124 S. Ct. 2140, 2143 (2004)).

### III.  The Exhaustion Requirement

Respondent argues that Lewis has failed to exhaust claims (2) and (4) which allege ineffective assistance of counsel.[13] Respondent also argues that Lewis has failed to exhaust claim (3) "because sufficiency of the evidence is not cognizable in a post-conviction writ of habeas corpus."[14]

### A.  Exhaustion and Procedural Default

The AEDPA requires state prisoners to exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A), (c). "The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." Vasquez v. Hillery, 106 S. Ct. 617, 620 (1986). A Texas prisoner satisfies the exhaustion requirement when the substance of the federal claims have been fairly presented to the state's highest court by filing either (1) a direct appeal followed, if necessary, by a petition

---

[13]Motion for Summary Judgment, Docket Entry No. 14, p. 15.

[14]Id. at 10.

-7-

for discretionary review in the Texas Court of Criminal Appeals; or (2) a state petition for writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure.  <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387 (5th Cir. 1998); <u>Sones v. Hargett</u>, 61 F.3d 410, 414-15 (5th Cir. 1995); <u>Richardson v. Procunier</u>, 762 F.2d 429, 430-32 (5th Cir. 1985).  Habeas petitioners are not required to pursue both avenues of relief to meet the exhaustion requirement.  <u>Myers v. Collins</u>, 919 F.2d 1074, 1076 (5th Cir. 1990).  A federal claim satisfies the "fairly presented" require-ment when it is the "substantial equivalent" of the claim presented to the state courts.  <u>Whitehead</u>, 157 F.3d at 387.  This requirement is not satisfied if the petitioner presents new legal theories as new factual claims in his federal petition.  <u>Id.</u>

If a habeas petitioner fails to exhaust his claims in state court, the federal petition for habeas relief must be dismissed. <u>Rose v. Lundy</u>, 102 S. Ct. 1198, 1199, 1205 (1982); <u>Dispensa v. Lynaugh</u>, 847 F.2d 211, 217-18 (5th Cir. 1988).  If a petition for habeas relief contains exhausted and unexhausted claims, it must be dismissed as a "mixed petition" for failure to exhaust.  <u>Rose</u>, 102 S. Ct. at 1199, 1205; <u>Murphy v. Johnson</u>, 110 F.3d 10, 11-12 (5th Cir. 1997).

"In habeas, the sanction for failing to exhaust properly (preclusion of review in federal court) is given the name of procedural default . . . ."  <u>Woodford v. Ngo</u>, 126 S. Ct. 2378, 2387 (2006).  "A procedural default . . . occurs when a prisoner fails

-8-

to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (quoting Coleman v. Thompson, 111 S. Ct. 2546, 2557 n.1 (1991)). Thus, if no state habeas avenue of relief remains open to Lewis, returning to the state courts would be futile and exhaustion is technically satisfied. See Woodford, 126 S. Ct. at 2387. "[B]ut exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding." Id.

A Texas court considering Lewis's unexhausted claims in a successive habeas petition would invoke Texas's abuse-of-the-writ doctrine to procedurally bar that action. See Tex. Code Crim. Proc. Ann. art. 11.071, § 4(a). The Fifth Circuit has held that article 11.071 is an adequate state procedural bar because the rule is strictly and regularly enforced. See Ibarra v. Thaler, 691 F.3d 677, 684-85 (5th Cir. 2012), reh'g granted in part sub nom. Ibarra v. Stephens, 723 F.3d 599 (5th Cir. 2013); Aguilar v. Dretke, 428 F.3d 526, 533 (5th Cir. 2005), cert. denied, 126 S. Ct. 2059 (2006); Hughes v. Dretke, 412 F.3d 582, 595 (5th Cir. 2005), cert. denied, 126 S. Ct. 1347 (2006); Barrientes v. Johnson, 221 F.3d

-9-

741, 759 (5th Cir. 2000); <u>Muniz v. Johnson</u>, 132 F.3d 214, 221 (5th Cir. 1998).

However, a procedural bar is not insurmountable.  A federal petitioner may overcome the procedural default of his claims after an adequate showing of cause and prejudice.  The Supreme Court has held that

> [i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

<u>Coleman</u>, 111 S. Ct. at 2565.

## B.   Analysis of Lewis's Unexhausted Claims

The Respondent argues that claims (2), (3), and (4) are unexhausted.[15]  Lewis has not responded to this argument.

> 1.   <u>Claim (2):   Exhaustion of claim that Lewis's counsel opened the door to his parole status and criminal history and failed to object when a witness made an unresponsive answer to his question:</u>

Respondent argues that Lewis has not exhausted this claim because Lewis raises a new legal claim that was not presented in his state habeas petition. Federal habeas claims must be the substantial equivalent of the claim presented to the state court.

_____

[15]<u>Id.</u> at 10, 15.

<u>Whitehead</u>, 157 F.3d at 387.  This requirement is not satisfied if the petitioner presents new legal theories in his federal petition. <u>Id.</u>

In Lewis's state habeas claim he argued that "[t]he judge, my ineffective attorney and the district attorney proceeded to mislead the jury by my attorney opening the trial questioning witness about my parole status and prior conviction."[16]  In his federal Habeas Petition Lewis argues that "[b]y opening the door to my parole status and prior conviction's, the record reveal's that my counsel's action's and his strategy was not reasonable."[17] Complaints made by pro se petitioners are held to a less stringent standard than formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 97 S. Ct. 285, 292 (1976) (quoting <u>Haines v. Kerner</u>, 92 S. Ct. 594 (1972)).

The court concludes that Lewis's state and federal habeas claims are the substantial equivalent of each other.  In both petitions Lewis argues that his attorney erred by opening the door to his parole status.  While in his state Habeas Corpus Application Lewis blamed the judge as well as the district attorney for "mislead[ing] the jury," he specifically alleged that his attorney was "ineffective" and that the jury found out about his parole

---

[16]Habeas Corpus Application, Docket Entry No. 13-4, p. 16.

[17]Habeas Petition, Docket Entry No. 1, p. 6.

status when "my attorney . . . open[ed] the trial questioning witness about my parole status and prior convictions."[18] In Lewis's federal Habeas Petition he argues that "my counsel's action's and his strategy was not reasonable.  Therefore the state was now able to mislead the jury from the allege charge of injury to the elderly."[19]  Because Lewis raised ineffective assistance of counsel in both his state and federal petitions, this claim was properly exhausted.

   2.   <u>Claim (4):  Exhaustion of claim that Lewis was not</u>
        <u>sentenced by a jury but rather was improperly sentenced</u>
        <u>by the judge.</u>

   In his Habeas Petition, Lewis argues that he received ineffective assistance of counsel when his attorney "failed to object to the state dismissing the jury."[20]  The Respondent argues that this claim was not presented in Lewis's state habeas petition and must be dismissed as unexhausted.[21]

   In Lewis's state habeas petition he asserted that "after the trial the judge dismissed the jury and allowed my lawyer and the district attorney to issue me paper work to sign for 35 year's."[22] Lewis did not raise this claim on direct appeal.  Lewis's claim in

_____

   [18]Habeas Corpus Application, Docket Entry No. 13-4, p. 16.

   [19]Habeas Petition, Docket Entry No. 1, p. 6.

   [20]<u>Id.</u> at 7.

   [21]Motion for Summary Judgment, Docket Entry No. 14, pp. 15-16.

   [22]Habeas Corpus Application, Docket Entry No. 13-4, p. 15.

his state habeas opinion was not related to ineffective assistance of counsel but rather judicial misconduct.  The state habeas court interpreted Lewis's claim as a claim of judicial misconduct as opposed to ineffective assistance of counsel.[23]  Moreover, if Lewis were to now bring this claim in a state habeas petition, a Texas court would invoke Texas's abuse-of-the-writ doctrine to procedurally bar that action.  See Tex. Code Crim. Proc. Ann. art. 11.071, § 4(a).  The court therefore concludes that Lewis has failed to exhaust this claim.

Even if the court construed Lewis's federal claim as a claim of judicial misconduct rather than ineffective assistance of counsel, the claim would still be procedurally barred.  In response to Lewis's claim that the jury did not decide his punishment, the state court found this claim was procedurally barred because the claim could have been presented on direct appeal but was not.  The court found:

> 10. Because the applicant failed to raise the issue of trial court error for not allowing the jury to assess his punishment on direct appeal, he forfeits the right to have the merits of this claim reviewed in the instant habeas proceeding.  Ex parte Townsend, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004).[24]

In Townsend the court held that "even a constitutional claim [in a state habeas petition] is forfeited if the applicant had the

---

[23]Findings, Conclusions, and Order, Docket Entry No. 13-4, p. 43.

[24]Id. at 47.

-13-

opportunity to raise the issue on appeal." <u>Townsend</u>, 137 S.W.3d at 81.  Texas law requires that a petitioner raise any claims based on the trial record on direct appeal before raising them in a state habeas petition.  See <u>id.</u>; <u>see also</u> <u>Scheanette v. Quarterman</u>, 482 F.3d 815, 827 (5th Cir. 2007).  The Fifth Circuit has recognized that this rule is an "adequate state ground capable of barring federal habeas review." <u>Scheanette</u>, 482 F.3d at 827 (quoting <u>Busby v. Dretke</u>, 359 F.3d 708, 719 (5th Cir. 2004)).  Lewis did not raise this claim on direct appeal.  The court concludes that claim (4) is unexhausted and must be dismissed.

> 3.   <u>Claim (3):  Exhaustion of claim that there is no evidence to establish that Lewis caused bodily injury to his father.</u>

Lewis alleges that there was no evidence to establish that his father was injured.[25]   Respondent argues that this claim is procedurally barred because "[i]t has long been the case in Texas that sufficiency of the evidence is not cognizable in a post-conviction writ of habeas corpus."[26]

Respondent is correct that a petitioner may not challenge the sufficiency of the evidence in a collateral attack.  <u>Ex parte Christian</u>, 760 S.W.2d 659, 660 (Tex. Crim. App. 1988); <u>see also</u> <u>Renz v. Scott</u>, 28 F.3d 431, 432 (5th Cir. 1994).  However, in his federal Habeas Petition Lewis does not challenge the sufficiency of

---

[25]Habeas Petition, Docket Entry No. 1, p. 7.

[26]Motion for Summary Judgment, Docket Entry No. 14, p. 10.

the evidence.  Instead, Lewis claims that there was no evidence to support his conviction.[27]  Texas does permit a collateral attack alleging no evidence, rather than a claim of insufficiency of evidence.  <u>Ex parte Barfield</u>, 697 S.W.2d 420, 421 (Tex. Crim. App. 1985); <u>see also</u> <u>Ex parte Moffett</u>, 542 S.W.2d 184, 185 (Tex. Crim. App. 1976); <u>Coker v. Quarterman</u>, 670 F. Supp. 2d 541, 550 n.3 (N.D. Tex. 2008).

However, in his state habeas petition, while Lewis labeled his claim as "No evidence of injuries,"[28] he actually argued that there was insufficient evidence to support his conviction rather than no evidence at all.  Lewis argued that "there was no medical records or doctor's testimony to corroborate the complainant's testimony that he receive[d] any of those injuries."[29]  Since Lewis now raises a claim of no evidence, the court will dismiss his federal claim because it was not fairly presented in state court.  <u>Whitehead</u>, 157 F.3d at 387.  A Texas court considering Lewis's claim of no evidence in a successive habeas petition would invoke Texas's abuse-of-the-writ doctrine to procedurally bar that action.  <u>See</u> Tex. Code Crim. Proc. Ann. art. 11.071, § 4(a).

The state habeas court addressed Lewis's claim as a challenge to the sufficiency of evidence rather than a challenge that there

---

[27]Habeas Petition, Docket Entry No. 1, p. 7.

[28]Habeas Corpus Application, Docket Entry No. 13-4, p. 14.

[29]<u>Id.</u>

was no evidence.[30]  Even construing Lewis's current claim of no

evidence as a claim of insufficient evidence, the court could not

grant Lewis's Habeas Petition.   In reviewing Lewis's state Habeas

Corpus Application, the court stated:

> 8.   The applicant's claim that the evidence of injury
>      to the complainant in his trial was insufficient to
>      support his conviction is a challenge to the
>      sufficiency of the evidence and, as such, is not
>      cognizable in a post-conviction habeas proceeding.
>      Ex parte Christian, 760 S.W.2d 659, 660 (Tex. Crim.
>      App. 1988).[31]

Under Texas law a petitioner may not challenge the sufficiency of

the evidence used for a conviction in a collateral attack.

Ex parte Christian, 760 S.W.2d 659, 660 (Tex. Crim. App. 1988).

Because Lewis did not raise his sufficiency of the evidence claim

on direct appeal, it is procedurally barred.  The court concludes

that the state court decision did not (1) result in a decision that

was contrary to, or involved an unreasonable application of,

clearly established federal law, as determined by the Supreme Court

of the United States; or (2) resulted in a decision that was based

on an unreasonable determination of the facts in light of the

evidence presented in the state court proceeding.   28 U.S.C.

§ 2254(d).

---

[30]Findings, Conclusions, and Order, Docket Entry No. 13-4,
p. 43.

[31]Id. at 47.

## IV.   Analysis of Lewis's Exhausted Claims

### A.   Applicable Law:   Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are examined under the standard set forth in Strickland v. Washington, 104 S. Ct. 2052 (1984).   See Reed v. Stephens, 739 F.3d 753, 773 (5th Cir. 2014). Under Strickland a petitioner asserting ineffective assistance of counsel must demonstrate that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defense.   Strickland, 104 S. Ct. at 2064.

"The performance prong of Strickland requires a defendant to show 'that counsel's representation fell below an objective standard of reasonableness.'"   Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012) (quoting Hill v. Lockhart, 106 S. Ct. 366, 369 (1985)). This requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."   Strickland, 104 S. Ct. at 2064. The court's review of counsel's performance is extremely deferential; the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."   Id. at 2065.

"To establish Strickland prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"   Lafler, 132 S. Ct. at 1384 (quoting Strickland, 104 S. Ct. at 2068).   "A reasonable probability is a probability

-17-

sufficient to undermine confidence in the outcome" of the proceeding. Strickland, 104 S. Ct. at 2068. "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Richter, 131 S. Ct. at 792). When there is overwhelming evidence of guilt the court is not likely to find, absent very compelling evidence, that there is a reasonable probability that but for the attorney's deficient performance the outcome would have been different. See, e.g., Sayre v. Anderson, 238 F.3d 631, 635 (5th Cir. 2001); Moawad v. Anderson, 143 F.3d 942, 946 (5th Cir. 1998). The burden is on the petitioner to affirmatively prove prejudice. Strickland, 104 S. Ct. at 2067. Even if his attorney made unreasonable errors, the petitioner must show that these errors had an actual adverse effect on the defense. Id. If the petitioner makes an insufficient showing on either prong of the Strickland analysis, the court need not address the other. Strickland, 104 S. Ct. at 2069.

A federal court reviewing a state court's determination on habeas relief regarding ineffective assistance of trial counsel has a defined and restricted role:

> The pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a Strickland claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), an unreasonable application

-18-

> of federal law is different from an <u>incorrect</u> application of federal law. A state court must be granted a deference and latitude that are not in operation when the case involves review under the <u>Strickland</u> standard itself.

<u>Richter</u>, 131 S. Ct. at 785 (citations omitted) (internal quotation marks omitted).

The Supreme Court has described the nature of the court's inquiry:

> Under § 2254(d), a habeas court must determine what arguments or theories supported or . . . could have supported[] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court.

<u>Id.</u> at 786. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." <u>Id.</u> If "'fairminded jurists could disagree' on the correctness of the state court's decision," a federal court cannot grant relief. <u>Id.</u> (quoting <u>Yarborough</u>, 124 S. Ct. at 2143).

## B.   **Lewis's Exhausted Claims**

Lewis claims that he is entitled to habeas relief because he received ineffective assistance of counsel.

### 1.   <u>Claim (1): Lewis received ineffective assistance of counsel because trial counsel failed to object to the amendments to his indictment.</u>

Lewis argues that before trial his lawyer failed to object when the original indictment against him was amended.[32]

---

[32]Habeas Petition, Docket Entry No. 1, p. 6.

When Lewis initially raised this claim in his state habeas petition, the court ordered Lewis's trial counsel to respond to a series of inquiries related to his performance at trial. The court required Lewis's trial counsel to:

> 1.    State whether counsel believed there was any basis to challenge the amended indictment in the primary case, and include the reasons(s) for counsel's belief.[33]

In response, Lewis's counsel stated that:

> 1) A. I considered the amendment merely a ministerial correction. The enhancement cases had been discussed with my client and I saw nothing to benefit my client either legally or tactically to raise an objection. The correction did not change the punishment range Mr. Lewis was facing.[34]

At the pretrial hearing, Lewis received the amended indictment and his attorney made no objections.[35]

In rejecting this claim the state habeas court found that

> 2.    The applicant fails to show that a pretrial motion to challenge the indictment in the primary case would have been granted. Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1988).

> 3.    Because the applicant fails to show any error or defect in the indictment, he fails to show that trial counsel's conduct was deficient for failing to object. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

---

[33]State's Proposed Order Designating Issue and for Filing Affidavit, Docket Entry No. 13-4, p. 34.

[34]Affidavit of Facts Concerning Sherman Theodore Lewis, No. 1161346, Docket Entry No. 13-4, p. 38.

[35]Indictment, Docket Entry No. 13-4, p. 61.

4.     The applicant fails to show that even if trial
       counsel had objected to the amended indictment,
       there is a reasonable probability that the result
       of the proceeding would have been different.
       <u>Mercado v. State</u>, 615 S.W.2d 225, 228 (Tex. Crim.
       App. 1981).[36]

The court will accept findings of the state court as correct
unless the habeas petitioner can rebut the presumption of correct-
ness by clear and convincing evidence.   28 U.S.C. § 2254(e)(1)
("The applicant shall have the burden of rebutting the presumption
of correctness by clear and convincing evidence.").   Texas law
provides that after notice to the defendant any matter of the
indictment, including form or substance, may be amended before the
trial.   Tex. Code Crim. Proc. Ann. art 28.10(a),(b) (West 2006).
Lewis has not shown that the determinations by the state court were
contrary to or involved an unreasonable application of clearly
established federal law.

2.     <u>Claim (2):   Lewis's counsel opened the door to his
       parole status and criminal history and failed to object
       when a witness made an unresponsive answer to his
       question.</u>

Lewis argues that his counsel was ineffective because he
"opened the door to my parole status and prior convictions. . .
[therefore] my counsel's action's and his strategy was not
reasonable."[37]   During the cross-examination of Lewis's mother the
following colloquy occurred.

---

[36]Findings, Conclusions, and Order, Docket Entry No. 13-4,
p. 46.

[37]Habeas Petition, Docket Entry No. 1, p. 6.

>     [Mr. Craft (Lewis's trial counsel)].  Was Sherman staying at
>     your house, did you invite him to stay at your house?
>
>     Mrs. Lewis (witness).  When he got paroled that's where he got
>     paroled to.
>
>     Mr. Craft.  Okay.  He was paroled to your house?
>
>     Mrs. Lewis.  Yes.
>
>     Mr. Craft.  And you agreed with that?
>
>     Mrs. Lewis.  Yes.[38]

The trial counsel later brought up the subject of Lewis's parole

status during cross-examination:

>     Mr. Craft.  Do you think Sherman's relationship with his
>     father has improved since then?
>
>     Mrs. Lewis.  No.  I won't say yes.
>
>     Mr. Craft.  Okay.  Knowing that, why did you agree to let him
>     be paroled to your house?
>
>     Mrs. Lewis.  I thought maybe he can, you know, give somewhere
>     to stay, you know -- have somewhere for him to stay, because
>     he didn't have nowhere to stay after his parole.[39]

As part of Lewis's state habeas petition, the state court required

Lewis's attorney to

>     2.  [s]tate whether counsel believed it was beneficial or
>     necessary to object to the testimony regarding the
>     applicant's parole status, include the reason(s) for
>     counsel's belief.[40]

In his written response to the state court's inquiry Lewis's

attorney stated:

---

[38]Reporter's Record (Volume 4), Docket Entry No. 12-12, pp. 22-
23.

[39]Id. at 49-50.

[40]State's Proposed Order Designating Issue and for Filing
Affidavit, Docket Entry No. 13-4, p. 34.

> Mr. Lewis had, after counsel with his attorney, decided to testify and the admissible priors that would be made known to the jury were made known to him. Although the answer was non-responsive, as Mr. Lewis was going to testify and his priors would be made known to the jury at that time, I chose not to highlight the issue by objecting and making it a very evident fact to the jury.[41]

After reviewing Lewis's Habeas Corpus Application and his attorney's response to the above inquiry, the state habeas court made the following findings relevant to this claim:

> 5. The applicant fails to overcome the presumption that trial counsel's questioning of the complainant and failure to object to the testimony regarding the applicant's parole status was part of a "sound" trial strategy. Ex parte Ellis, 233 S.W.3d 324, 330 (Tex. Crim. App. 2007).

> 6. The trial court record, appellate court record, and affidavit of trial counsel E. Ross Craft, demonstrate that trial counsel provided the applicant with effective representation, that his trial strategy was reasonable, and that the applicant was not harmed in any way by decisions made by trial counsel. Harrington v. Richter, 131 S. Ct. 770 (2011).

> 7. In all things, the applicant fails to prove sufficient facts which, if true, would demonstrate that counsel's conduct fell below an objective standard of reasonableness or that there is a reasonable probability that, but for the alleged deficient conduct, the result of the proceeding would have been different. Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).[42]

The record reflects that the state habeas court considered Lewis's argument and applied the Strickland analysis. The court

---

[41]Affidavit of Facts Concerning Sherman Theodore Lewis, No. 1161346, Docket Entry No. 13-4, p. 38.

[42]Findings, Conclusions, and Order, Docket Entry No. 13-4, pp. 46-47.

found that Lewis did not overcome the presumption that his attorney's failure to object was not part of a sound trial strategy.[43]  The court also found that Lewis was not harmed in any way by the decision of trial counsel not to object to the testimony.[44]

This court's review of the record leads it to conclude that the state habeas court neither applied Strickland unreasonably nor reached a decision based on an unreasonable determination of the facts.  Lewis provides no evidence why the result of the proceeding would have been different but for the actions of his counsel.  The affidavit further clarified that his counsel's actions were not due to unawareness or incompetence but rather calculated to not draw unnecessary attention to a non-responsive answer.[45]  Lewis fails to establish that his counsel's later references to Lewis's parole status prejudiced him.  Lewis is not entitled to "errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and *rendering* reasonably effective assistance."  Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983) (internal quotations omitted).  Lewis's allegations fail to show that he was prejudiced by ineffective assistance of counsel

---

[43]Id. at 46.

[44]Id. at 46-47.

[45]Id.

and that the state court's finding was contrary to, or involved an unreasonable application of, clearly established federal law.

## V.   Certificate of Appealability

Although Lewis has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA sua sponte. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  To obtain a COA Lewis must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tennard, 124 S. Ct. at 2569; Williams v. Puckett, 283 F.3d 272, 277 (5th Cir. 2002).  To make such a showing Lewis must demonstrate that the issues are debatable among reasonable jurists; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. Lucas v. Johnson, 132 F.3d 1069, 1073 (5th Cir. 1998); Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996).  For the reasons stated in this Memorandum Opinion and Order, Lewis has not made a substantial showing of a denial of a constitutional right.  The court will therefore deny a Certificate of Appealability in this action.

## VI.   Conclusions and Order

For the reasons explained above, the court concludes that there are no genuine issues of fact regarding any of Lewis's claims and that Respondent is entitled to judgment as a matter of law. Accordingly, the court **ORDERS** the following:

1.   Respondent Stephens's Motion for Summary Judgment with Brief in Support (Docket Entry No. 14) is **GRANTED**.

2.   Lewis's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**.

3.   A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 17th day of June, 2014.

_____

SIM LAKE
UNITED STATES DISTRICT JUDGE